# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARIA THERESA BOUCHER, <br> Appellant, | DOCKET NUMBER <br> AT-0752-10-0453-X-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, <br> Agency. | DATE: August 22, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Maria Theresa Boucher, Huntsville, Alabama, pro se.

James M. Allen, Esquire, Memphis, Tennessee, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The administrative judge issued a compliance initial decision finding the agency in noncompliance with the March 22, 2013 initial decision. For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2      On November 15, 2012, the Board issued its final decision mitigating the appellant's removal to a 90-day suspension. *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640 (2012). The Board ordered the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service Regulations, as appropriate. *Id*. at 13.

¶3      The appellant filed a petition for enforcement on January 22, 2013, contending that the agency failed to pay her back pay, interest, and other benefits under the Back Pay Act and/or Postal Service Regulations, as appropriate. MSPB Docket No. AT-0752-10-0453-C-2, Compliance File (CF), Tab 1 at 1. On March 22, 2013, the administrative judge issued a compliance initial decision finding that the agency had failed to pay the appropriate amount of back pay and interest, and therefore was in noncompliance. CF, Initial Decision, Tab 4 at 2.

¶4      When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she would have been had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶5      On July 5, 2013, and July 9, 2013, the agency filed evidence of compliance, including calculations explaining the appellant's back pay and interest, and a cancelled check representing payment of interest. MSPB Docket No. AT-0752-10-0453-X-1, Compliance Referral File (CRF), Tabs 3 and 4. The appellant did not respond, although the Board advised her that she could respond to the

agency's evidence of compliance within 20 calendar days of the date of service of the agency's submissions. CRF, Tab 2 at 3-4.

¶6 Because the appellant did not respond to the agency's evidence of compliance, nor dispute that she received appropriate back pay and interest, we assume she is satisfied, find the agency in compliance, and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                          William D. Spencer
                          Clerk of the Board

Washington, D.C.